YABUCOA SUGAR COMPANY, Plaintiff and Appellant, v. MUNICIPALITY OF YABUCOA, Defendant and Appellee.

No. 5713. Argued May 27, 1932.—Decided January 11, 1933.

*González Fagundo & González Jr.* for appellant. *Antonio Rodríguez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

This is an action brought to recover taxes paid under protest to a municipality. Plaintiff appeals from an adverse judgment.

Sugar and molasses mills are included in Group "C" of section 2 of the Act of March 28, 1914 (Session Laws, p. 176), authorizing the municipalities of the Island to levy taxes upon certain businesses and industries therein enumerated. Railroads are included in Group "B." The business of the purchase and sale of cane or sugar is not specifically mentioned nor is it included in any of the three groups. Section

7 provides: "That all merchants engaging in businesses comprised in more than one group in one establishment, shall pay on the basis of the total volume of business transacted in each group, at the rate prescribed therefor."

Plaintiff paid taxes as owner of the mill. In addition, it was compelled to pay taxes as owner of a railroad and as a dealer in sugar. The case was tried and submitted upon the testimony of a single witness. His testimony, as the same appears from the statement of the case, was as follows:

"That his name is Antonio Agripino Roig and he is vice-president and manager of the Yabucoa Sugar Company; that the latter is engaged in the manufacture of sugar which it produces and ships; that it ships what it produces because its business is the production of sugar and the shipment thereof to New York; that it owns a railroad privately operated by the corporation for the transportation of its products; that they do not transport any passengers because it is not a public service railroad, nor do they transport other products than their own; that it is operated exclusively for the transportation of their cane and sugar.

"Upon being examined by the attorney for the defendant, he answered: That it has planters (*colonos*); that they ship their sugar through the port of Guayanés (Yabucoa), and that it is carried to that part by rail; that they receive the cane from the planters to be converted into sugar and said cane is crushed at the mill; that the central acquires from them the sugar through monthly liquidations and retains the output, which is shipped from the port of Guayanés; that they use the railroad for the transportation of all their goods and products; that they buy the products from the planters and transport them by rail, and ship them through the port of Guayanés.

"On re-examination by the attorney for the plaintiff, he testified that the sugar is produced by them in the central and then put into bags, taken to the port, and shipped to the United States, where it is refined; that they sell the sugar for shipment to the United States.

"Answering questions put to him by the court, he stated that they obtain the cane grown by the planters, with whom liquidations are made, and who must be paid therefor every fifteen days, and they must be paid in cash taking as a basis the average market price, and the central makes the payments in cash, not in sugar; that

the central buys the sugar from the planters and then ships it. It is a fact that the planter could do nothing either with his cane or with his sugar, as the lots generally accepted for sale and shipment consist of 5,000 bags each, and the planters could find no market for smaller lots. That the central sells or makes its sales in New York directly to the refiners, and that the sugar is already sold when shipped, inasmuch as the sale is effected beforehand.

"On being again examined by counsel for plaintiff, he testified that the sugar is sold in the United States and that the central makes no sale in Puerto Rico. It must be sold at the refinery and all expenses are for the account of the central."

The railroads mentioned in Group "B" are, we think, railroads used in the transportation of freight or passengers for profit. The merchants referred to in section 7, *supra*, are those engaged in the business of purchase and sale of goods for profit. The foregoing testimony shows that the plaintiff operates its railroad merely as a necessary part of its business for the transportation of its own cane and incidentally the cane of other growers which is to be ground in its mill, both for its own convenience and benefit and for the convenience and benefit of other growers, not for hire or for the purpose of obtaining any profit directly derived from the railroad business as such. It shows that plaintiff purchases the sugar manufactured from the cane, ground for other growers, and sells it with the sugar produced from its own cane, and that it does this as a matter of convenience and benefit to such growers rather than for lucrative or speculative purposes. In any event, as has already been indicated, the business of purchase and sale of sugar for profit is not included in any of the three groups.

There is nothing to show that the municipality levied any of the taxes in question in the manner prescribed by subdivision "*f*" of section 46 of the Act.

The judgment appealed from must be reversed and in lieu thereof, the judgment of this Court will direct the return of the taxes paid under protest as prayed for in the complaint and in the supplementary complaints.